```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
HOLLY GAVEL,                                                      :
                                                                  :
                          Plaintiff,                              :
                                                                  :        20-cv-3475 (LJL)
            -v-                                                   :
                                                                  :        ORDER
WOW PAYMENTS LLC, et al.,                                         :
                                                                  :
                          Defendants.                             :
                                                                  :
------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2020
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Holly Gavel brought the instant action against Defendants WOW Payments LLC, Eugene Gold, and Kofi Korang ("Korang") based on allegations that Defendant Korang sexually harassed her while in the employ of Defendant WOW Payments LLC. She brought claims pursuant to the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107, and the New York Employers Liability Act § 2, as well as claims of civil assault, battery, and negligent infliction of emotional distress.

Plaintiff now moves, pursuant to Fed. R. Civ. P. 55(b)(2), for entry of a default judgment against Defendant Korang. Dkt. No. 21. Plaintiff's unopposed motion is GRANTED with respect to her claims under the NYCHRL and for assault and battery, but DENIED with respect to her claims under the New York Employers Liability Act and for negligent infliction of emotional distress.

Plaintiff has not alleged that Korang was her "employer" per the statutory language provided by Plaintiff of the New York Employers Liability Act that refers to recovery against the employer and not an employee. As for her negligent infliction of emotional distress claim, a

plaintiff may recover under either the "bystander theory" or the "direct duty theory." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). New York courts have also recognized a third cause of action for negligent infliction of emotional distress based on "special circumstances," which is inapplicable here. *See, e.g.*, *Chau v. Donovan*, 357 F. Supp. 3d 276, 289 (S.D.N.Y. 2019); *see also Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000). The bystander theory is also inapplicable here. Under the direct duty theory, a cause of action exists where a plaintiff "suffers emotional distress caused by defendant's breach of a duty which unreasonably endangered [plaintiff's] own physical safety." *Baker*, 239 F.3d at 421. The duty "must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise*, 102 F. 3d at 696. Plaintiff has not alleged that Korang, as an employee of WOW Payments LLC, owed her a special duty of care. *See, e.g.*, *Chau*, 357 F. Supp. 3d at 289; *Wahlstrom v. Metro-North Commuter R. Co.*, 89 F. Supp. 2d 506, 531-32 (S.D.N.Y. 2000) (citing cases). In addition, Korang's conduct is alleged to be "intentional and deliberate and allegedly in [its] nature offensive" and is therefore "outside the ambit of actionable negligence." *Wahlstrom*, 89 F. Supp. 2d at 531-32 (internal quotation marks and citation omitted); *see United Nat'l Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993) (discussing "the mutual exclusivity of negligence and battery"); Dobbs' Law of Torts §31 (2d ed. 2020) ("Any given act may be intentional or it may be negligent, but it cannot be both."); *see also Chau*, 357 F. Supp. 3d at 290; *S.R. ex rel. M.R. v. Turnbull*, 2013 WL 1285411, at *4 (S.D.N.Y. Mar. 28, 2013).

## CONCLUSION

It is hereby ORDERED that default is entered against Defendant Korang on Plaintiff's claims under NYCHRL and for battery and assault, and that this matter is referred to Magistrate Judge Debra C. Freeman for an inquest into damages.

The remaining parties in the action shall appear telephonically for a conference on December 3, 2020 at 12:00 p.m.

The Clerk of Court is respectfully directed to close Dkt. No. 21, but not to close the case.

SO ORDERED.

Dated: October 15, 2020
      New York, New York

                                      LEWIS J. LIMAN
                                      United States District Judge