UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLLY GAVEL, | 20cv3475 (LL) (DF) |
| Plaintiff, | |
| -against- | **ORDER TO SUPPLEMENT DAMAGES SUBMISSION** |
| KOFI KORANG, | |
| Defendants. | |

**DEBRA FREEMAN, United States Magistrate Judge:**

The above-captioned matter has been referred to this Court by the Honorable

Lewis J. Liman for an inquest regarding the damages to be awarded to plaintiff Holly Gavel

("Plaintiff") upon the default of defendant Kofi Korang ("Defendant").  (Dkts. 26, 27.)  On

October 28, 2020, this Court issued a Scheduling Order directing Plaintiff to serve on Defendant

and file Proposed Findings of Fact and Conclusions of Law concerning damages ("Proposed

Findings").  (Dkt. 30.)  This Court further directed Plaintiff that the Proposed Findings should

"specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has now

been established; should demonstrate how Plaintiff has arrived at the proposed damages

figure(s); and should be supported by a sworn affidavit, or a declaration under penalty of perjury,

that attaches as exhibits and contains an explanation of any documentary evidence that helps

establish the proposed damages."  (*Id.* ¶ 2.)  Plaintiff filed her Proposed Findings on January

28, 2021, but failed to include a sworn affidavit, a declaration under penalty of perjury, or any

exhibits that help establish the proposed damages.  (*See* Dkt. 34.)

Upon its review of Plaintiff's submission, this Court finds that it lacks the factual support

needed to conduct a proper assessment of the requested damages.  In particular, on her claim

under Section 8-107 of the New York City Human Rights Law, Plaintiff has not provided an evidentiary foundation for the $10,000 that she seeks as damages for emotional distress.  Plaintiff may prove such damages "through her own testimony 'corroborated by reference to the circumstances of the alleged misconduct,'" *Walia v. Vivek Purmasir & Assocs.*, 160 F. Supp. 2d 380, 390 (E.D.N.Y. 2000) (quoting *New York City Transit Authority v. State Div. of Human Rights*, 78 N.Y.2d 207, 216 (1991)), but she has not done so.  Similarly, Plaintiff has not provided evidentiary support for the $10,000 she is seeking as damages on her assault and battery claims.  While evidence of injury is not required to establish a defendant's *liability* for assault and battery, such evidence is required to sustain a claim for compensatory damages caused by the wrongful conduct.  *Brutus v. Silverseal Corp.*, 439 F. App'x. 28, 29 (2d Cir. 2011) (Summary Order).  If a plaintiff establishes liability, but does not produce any evidence of actual loss, the award must be limited to nominal damages.  *See Wright v. Musanti*, 14cv8976 (KBF), 2017 WL 253486, at *11 (S.D.N.Y. Jan. 20, 2017) (citing *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2d Cir. 1977)).  At this point, Plaintiff has not demonstrated that she is entitled to more than nominal damages on this claim.

Accordingly, it is hereby ORDERED that:

1.      No later than April 29, 2022, Plaintiff is directed to supplement her prior inquest submissions by filing a sworn affidavit or declaration under penalty of perjury, attaching as exhibits and explaining any documentary evidence that may support the damages being sought. Plaintiff is further directed to serve Defendants with a copy of her affidavit or declaration, together with a copy of this Order, by a means reasonably calculated to reach him, and to file proof of such service on the Docket.

2.      If Defendant wishes to respond to Plaintiff's supplemental submission, then Defendant shall submit his response no later than May 20, 2022.

IF DEFENDANT FAILS TO RESPOND TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION BY MAY 20, 2022, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSIONS ALONE.  FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS ANY DEFENDANT REQUESTS A HEARING, IN WRITING, BY MAY 20, 2022.  *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . .  a hearing"); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it is ensured that there was a basis for the damages specified in a default judgment.").

DATED:  New York, NY
       April 7, 2022

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copy to:

Plaintiff's Counsel (via ECF)