USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/3/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HOLLY GAVEL,

                              **Plaintiff,**                        20-CV-03475 (LJL)VF)

       -against-                                        **ORDER**

**WOW PAYMENTS LLC et al.,**

                              **Defendants.**

-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

     By application dated May 24, 2022 (see ECF No. 38), Defendant Kofi Korang moves the Court to grant a request for pro bono counsel. For the reasons set forth below, the motion is denied without prejudice.

     The factors to be considered in ruling on a motion for pro bono counsel are well settled and include the merits of the case, the party's ability to pay for private counsel, the party's efforts to obtain a lawyer, the availability of counsel, and the party's ability to gather the facts and deal with the issues if unassisted by counsel. See Cooper v. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Id. Indeed:

> [c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the [party] not indigent.

Id.

Here, Defendant's application does not describe the efforts undertaken to obtain counsel and nor does Defendant address his financial ability to pay for private counsel. Moreover, default judgment has already been entered against Defendant Korang on Plaintiff's claims under the New York City Human Rights Law and for battery and assault. <u>See</u> ECF No. 27. Accordingly, at this time, the Court denies the application without prejudice. The Clerk of Court is directed to terminate the motion at ECF No. 38.

**SO ORDERED.**

DATED:   June 3, 2022
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge