UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HOLLY GAVEL,

                            Plaintiff,                        20-CV-03475 (LJL) (VF)

        -against-                               **ORDER**

WOW PAYMENTS LLC et al.,

                            Defendants.

----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On May 4, 2020, Plaintiff Holly Gavel brought the instant action against Defendants WOW Payments LLC, Eugene Gold, and Kofi Korang based on allegations that Defendant Korang sexually harassed her during her employment with Defendant WOW Payments LLC. See ECF No. 1. Plaintiff brought claims pursuant to the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-107, and the New York Employers Liability Act § 2, as well as claims of civil assault, battery, and negligent infliction of emotional distress. Id.

      On October 7, 2020, Plaintiff moved for an entry of default judgement against Korang pursuant to Fed. R. Civ. P. 55(b)(2). See ECF No. 21. The motion was unopposed, and on October 15, 2020, the Honorable Lewis J. Liman granted the motion with respect to Plaintiff's claims under the NYCHRL and for assault and battery, but denied the motion with respect to Plaintiff's claims under the New York Employers Liability Act and for negligent infliction of emotional distress. See ECF No. 27. The same day, this action was referred to Magistrate Judge Debra C. Freeman to conduct a damages inquest. See ECF No. 26. On January 29, 2021, Plaintiff submitted her proposed findings of fact and conclusions of law. See ECF No. 34. On April 7,

2022, Judge Freeman entered an order directing Plaintiff to file a supplemental damages submission, see ECF No. 35, which Plaintiff submitted on April 29, 2022, see ECF No 36. The following day, this case was reassigned to me. Judge Freeman's April 7, 2022 Order contained a warning that "IF DEFENDANT FAILS TO RESPOND TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION BY MAY 20, 2022, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSIONS ALONE." ECF No. 35 at 3.

On May 24, 2022, Korang appeared and submitted an Answer to the Complaint. See ECF No. 39. At this stage, however, Korang's Answer is improper as to the claims for which Judge Liman already granted default judgment. Korang also filed an application for pro bono counsel on May 24, 2022, see ECF No. 38, which was denied by this Court on June 3, 2022, see ECF No. 41. Korang submitted another application for pro bono counsel on October 3, 2022. See ECF No. 42. On October 6, 2022, this Court entered an order scheduling a conference for November 2, 2022. See ECF No. 43. Korang did not appear at the conference. The October 6 Order was mailed to Korang at the address on the docket and in the Answer, but was returned undelivered. To date, Korang has not provided an updated address to the Court or to Plaintiff and has not otherwise participated or appeared in this action in over six months. See Simmons v. Ramirez, No. 17-CV-00313 (LMS), 2019 WL 3454484, at *2 (S.D.N.Y. July 31, 2019) ("It is [a party]'s responsibility to inform the Court if his address has changed.").

Despite Defendant Korang's failure to appear at the November 2, 2022 conference, given the solicitude afforded to *pro se* litigants, see Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), on November 16, 2022, the Court afforded Korang one final opportunity to appear before the Court to either move to vacate the entry of default judgment or contest Plaintiff's damages

submission. The November 16, 2022 Order stated that "**Defendant Korang's failure to take any action in this proceeding by Wednesday, December 7, 2022 will result in this Court issuing a damages inquest Report and Recommendation on the basis of Plaintiff's written submissions alone.**" See ECF No. 44. On December 8, 2022, counsel for Plaintiff submitted a declaration stating that she mailed a copy of the Court's November 16 Order and Plaintiff's damages submission to Korang but the mailing appears to have not been received.[1] See ECF No. 45. The November 16, 2022 Order, which the Clerk of Court separately mailed to Korang, was returned as undeliverable.

A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters." Burgos, 14 F.3d at 789; 28 U.S.C. § 1915(e) (formerly 28 U.S.C. § 1915(d)). Indeed, appointment of pro bono counsel must be done judiciously in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989). "Because this Court does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." Garcia-Garcia v. City of New York, 2013 WL 150206, at *1 (S.D.N.Y. Jan. 11, 2013).

---

[1] The declaration states that on November 17, 2022, Plaintiff's counsel mailed, via regular US mail and certified return receipt, a copy of the November 16, 2022 Order and Plaintiff's damages submission, but that as of December 8, 2022, her office had not received any return mail or a receipt indicating that Korang received the certified mail package. See ECF No. 45 ¶¶ 2-4.

Under the standard set forth by the Second Circuit in Hodge, a court must first determine "whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61; Cooper, 877 F.2d at 172. The "merit" factor commands the most attention. Id. If an application meets this threshold requirement, the district court must further consider the indigent's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case without assistance in [ ] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 61-62; Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997).

At this stage of the litigation, the Court concludes that the appointment of pro bono counsel is not warranted. First, Korang has repeatedly failed to appear and participate in this action. Indeed, Korang has not even provided the Court with his correct mailing address. Second, a review of the file in this matter does not demonstrate that this is the "rare case" where the merit of the indigent party's claim "is so apparent that the Court feels compelled to appoint counsel." Garcia-Garcia, 2013 WL 150206, at *1. Third, Korang has not explained whether he has the financial ability to obtain counsel, or described in sufficient detail his attempts to retain counsel. And lastly, at this point in the litigation, the legal issues are not so complex that Korang would be unable to handle them himself. Accordingly, Korang's application for pro bono counsel is **DENIED**.

The Clerk of Court is directed to terminate the motion at ECF No. 42. The Court will render a Report and Recommendation on the damages inquest based on Plaintiff's submissions.

**SO ORDERED.**

DATED:	April 10, 2023
	New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge

Copies to:

All Counsel via ECF

Kofi Korang
594 Broadway
New York, NY 10012
201/497-2634