UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLLY GAVEL,<br><br>                          Plaintiff,<br><br>     -against-<br><br>KOFI KORANG,<br><br>                          Defendant. | 20-CV-3475 (LJL) (VF)<br><br>**REPORT & RECOMMENDATION** |

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE LEWIS J. LIMAN, United States District Judge.**

On May 4, 2020, Plaintiff Holly Gavel ("Plaintiff") filed a Complaint alleging that Defendants Wow Payments, LLC ("WOW"), Kofi Korang ("Korang"), and Eugene Gold ("Gold") violated the New York City Human Rights Law ("NYCHRL") § 8-107 and the New York Employers Liability Act § 2. ECF No. 1 ("Compl.") ¶¶ 53, 79. Plaintiff also brought claims for civil battery, assault, and negligent infliction of emotional distress. Id. ¶¶ 61, 70, 89. On October 15, 2020, the Honorable Lewis J. Liman granted Plaintiff default judgment against Korang as to her claim under the NYCHRL and her assault and battery claims. ECF No. 21. For the reasons that follow, I respectfully recommend that Plaintiff be awarded monetary damages as to those claims in the amounts set forth in detail below.

## BACKGROUND

**A. Factual Background**[1]

Plaintiff is a former employee of WOW. Compl. ¶¶ 6, 17, 51. WOW is a payment-processing company that "delivers payment solutions for small to mid-sized businesses across different industries." Id. ¶ 10. Korang and Gold are also employed by WOW. Id. ¶¶ 8-9. While Plaintiff was employed with WOW, Gold served as WOW's Chief Executive Officer and Korang served as its National Director. Id.

In 2019, WOW sought to hire representatives to market its newly developed "CASH DISCOUNT" program. Id. ¶¶ 11, 15. Korang hired Plaintiff in January 2019 and "promised to teach [her] a skill set that included sales and marketing principles." Id. ¶¶ 17-18. Plaintiff had a variety of responsibilities during her employment with WOW, including as a Customer Service Representative and later as a Recruitment Administrator. Id. ¶¶ 21, 26. In her capacity as a Customer Service Representative, Plaintiff's responsibilities included "target[ing] and secur[ing] new business" for WOW. Id. ¶ 22.

Between January 2019 and May 10, 2019, Plaintiff alleges that she was subject to ongoing sexual harassment during her employment with WOW. Id. ¶ 28. Shortly after Plaintiff began working for WOW, Korang "pressur[ed] Plaintiff to go out on a date with him" and "repeatedly . . . insist[ed] that he was seeking a wife, a tax break, and a green card and that Plaintiff could provide a solution to his problems if she gave into his advances." Id. ¶¶ 31-32. Plaintiff

---

[1] The facts recounted herein are established by the evidence submitted in support of this inquest and the allegations in the Complaint, which are deemed admitted except as to damages, because of Korang's default. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

"repeatedly rejected" Korang's advances "and made clear she was uninterested in any kind of sexually intimate relationship." Id. ¶ 33.

In April of 2019, Plaintiff was "forced to share a hotel room with . . . Korang" during a business trip. Id. ¶ 36. One evening, Plaintiff awoke to Korang "touching her breasts and attempting to initiate intercourse." Id. ¶ 37. Plaintiff stopped Korang and spent the remainder of the trip dealing with his repeated attempts to initiate sexually intimate behavior. Id. ¶ 38.

Korang took advantage of the instances when he and Plaintiff "were alone together in the office" and made sexually suggestive comments in front of other WOW employees. Id. ¶ 39. As a result, other employees began referring to Plaintiff as "Kofi's girl" and believed that they too could sexually exploit her. Id. ¶¶ 40, 45. For example, another WOW employee exposed his penis to Plaintiff during a FaceTime call. Id. ¶ 40. Neither WOW nor Gold took any action to correct this behavior. Id. ¶ 42.

On May 10, 2019, Plaintiff was "out with some of her female coworkers from WOW" when Korang showed up and "proceeded to ply [Plaintiff] and the other women with alcohol." Id. ¶ 48. Once Plaintiff was "completely inebriated," Korang "shoved" her into a cab and, later that evening, "forced" her to have intercourse with him. Id. ¶ 49. As a result of Korang's conduct, Plaintiff "has been severely damaged psychologically, emotionally, and physically." Id. ¶¶ 60, 69, 78, 88, 100.

B. **Procedural Background**

On May 4, 2020, Plaintiff filed the Complaint in this action asserting five state-law claims: (1) violation of the NYCHRL § 8-107 on the basis of sex; (2) civil battery; (3) assault; (4) violation

3

of the New York Employer's Liability Act § 2; and (5) negligent infliction of emotional distress.[2] Compl. ¶¶ 52-100. On November 24, 2020, Plaintiff and Defendant filed a joint stipulation dismissing this action as it related to WOW and Gold. ECF No. 32. On November 30, 2020, Judge Liman dismissed the claims asserted against WOW and Gold with prejudice. ECF No. 33.

On October 6, 2020, Plaintiff moved for default judgment against Korang. ECF No. 21. On October 15, 2020, Judge Liman granted Plaintiff's motion for default judgment as to her claims under the NYCHRL and for assault and battery, but denied the motion as to Plaintiff's claims under the New York Employers Liability Act § 2 and for negligent infliction of emotional distress. ECF No. 27. In dismissing Plaintiff's claim under the New York Employers Liability Act § 2, Judge Liman concluded that Plaintiff had failed to allege that Korang was her employer. Id. at 1. With respect to Plaintiff's claim of negligent infliction of emotional distress, Judge Liman determined that Plaintiff had failed to allege a claim under a "bystander" or "direct duty" theory, and no "special circumstances" applied which could support a cause of action. Id. at 1-2. Judge Liman referred the matter to Magistrate Judge Debra C. Freeman for a damages inquest. Id. at 2. On May 25, 2022, this matter was redesignated to the undersigned. ECF No. 40.

On October 28, 2020, the Court instructed Plaintiff to file her proposed findings of fact and to serve them on Korang by January 29, 2021. ECF No. 30 at ¶ 1. The Court instructed Korang to respond to Plaintiff's damages submissions by February 28, 2021. Id. ¶ 4. The Court warned Korang that if he failed to respond, the Court would issue a report and recommendation based on Plaintiff's submissions alone. Id. ¶ 5. On January 28, 2021, Plaintiff filed her Proposed Findings

---

[2] Plaintiff filed an affidavit of service on the docket, confirming service of the summons and compliant on Korang. See ECF No. 13.

of Fact and Conclusions of Law. ECF No. 34 ("Proposed Findings of Fact"). Korang did not respond to Plaintiff's submission.

On April 7, 2022, Plaintiff was ordered to supplement her Proposed Findings by April 29, 2022. ECF No. 35. Plaintiff was instructed to provide "documentary evidence" to tie her proposed damages to her legal claims. Id. at 2. Judge Freeman observed that Plaintiff had neither "provided an evidentiary foundation for the $10,000" that she sought for emotional distress damages under the NYCHRL, nor supported her request for $10,000 in damages on her assault and battery claims. Id. Plaintiff filed a supplemental declaration on April 29, 2022. ECF No. 36 ("Statement of Damages"). In her submission, Plaintiff provided a declaration and four exhibits which included medical reports, an expense sheet, and receipts. See, id., ECF Nos. 36-1, 36-2, 36-3. Korang was previously instructed to respond to Plaintiff's supplemental submission by May 20, 2022. ECF No. 35 at 3. Korang did not respond to the supplemental submission by that date.

On May 24, 2022, Korang filed an answer to the Complaint. ECF No. 39. On that same day, Korang filed an application for *pro bono* counsel. ECF No. 38. On June 3, 2022, the Court denied Korang's application for *pro bono* counsel without prejudice due to Korang's failure to describe his efforts to secure counsel or his financial ability to pay for private counsel. ECF No. 41. The Court scheduled a conference for November 2, 2022, and directed the clerk to mail a copy of the order to Korang at the address provided on his application for *pro bono* counsel. ECF No. 43. The order was mailed to Korang on October 7, 2022. The order was unable to be delivered and returned on October 28, 2022. Korang did not appear at the November 2, 2022 conference. See ECF No. 44.

On November 16, 2022, the Court issued an order informing Korang that he had until December 7, 2022, to appear and either move to vacate the entry of default judgment or contest

5

Plaintiff's damages submission. Id. The Court again directed that the order be mailed to Korang at the address provided to the Court. Id. In addition, Plaintiff's attorney, Hillary Nappi, indicated that she had mailed the order to Korang via certified mail to the address indicated on the docket and had not received any return mail but also had not received the return receipt card confirming receipt. See ECF No. 45. To date, Korang has not challenged Plaintiff's damages submissions or made any other filings in this matter.

## **LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure governs judgments against a party that has failed to plead or otherwise defend itself in an action. Au Bon Pain Corp. v. Artect, Inc., 653 F.3d 61, 65-66 (2d Cir. 1981). Rule 55 requires a two-step process for an entry of a default judgment. See Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011) (per curiam); Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 392-93 (S.D.N.Y. 2012). First, upon notification from the moving party, the Clerk of Court enters the default of the party failing to plead or otherwise defend the moving party's suit. See Priestley, 647 F.3d at 504-05 (citing Fed. R. Civ. P. 55(a)). Second, once the clerk issues a certificate of default, the moving party may apply for the entry of a default judgment pursuant to Rule 55(b). Id. at 505.

A default constitutes an admission of all well-pled factual allegations in the complaint. Thus, a plaintiff's allegations in her complaint, as they pertain to liability, are deemed true. See Finkel, 577 F.3d at 88 n.6 (noting that an entry of default establishes liability but does not constitute an admission of damages); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993) (explaining that "factual allegations are taken as true in light of the general default judgment"); Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC, 665 F. Supp. 3d 434, 436 (S.D.N.Y. 2009) (citation omitted). However, a plaintiff is not entitled to a default judgment as a matter of right

merely because the opposing party is in default. See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015). A plaintiff bears the burden of demonstrating that their uncontroverted allegations are sufficient to establish a defendant's liability as to each cause of action. Id.; see also Morales v. Mw Bronx, Inc., No. 15-CV-6296 (TPG), 2016 WL 4084159, at *4 (S.D.N.Y. Aug. 1, 2016) (collecting cases). As to damages, Federal Rule of Civil Procedure 55(b)(2) "allows but does not require" the district court to conduct a hearing on the damages amount. Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund, 779 F.3d at 189 ("[T]he court may conduct such hearings or order such references as it deems necessary and proper.") (internal quotation marks and citation omitted); see also Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012).

Although Judge Liman granted Plaintiff's motion for default judgment with respect to her claims under the NYCHRL as well as for civil assault and battery, I must nevertheless assess whether the allegations in her Complaint establish the elements of each claim for which she seeks damages. See, e.g., Au Bon Pain Corp. 653 F.2d at 65. Additionally, although well-pleaded allegations as to liability are deemed admitted by a defaulting defendant, the same is not true for damages. Id. Plaintiff bears the burden of establishing an evidentiary basis for the damages she seeks against Korang. See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund, 799 F.3d at 189; Int'l Ass'n of Heat & Frost Insulators v. Affiliated Envtl. Servs. NJ, Inc., No. 15-CV-6909 (LTS), 2017 WL 5153565, at *5-6 (S.D.N.Y. Nov. 6, 2017). Here, Plaintiff's

7

submissions have not been contested, and the submissions provide all the information needed to determine her damages. As such, a hearing on the damages inquest is not necessary.

## DISCUSSION

### I. Liability

#### A. Violation of § 8-107

In Count I, Plaintiff alleges that Korang discriminated against her on the basis of her sex by creating a sexually hostile work environment in violation of the NYCHRL. Compl. ¶¶ 52-60. "To establish a gender-discrimination claim under the NYCHRL, the plaintiff need only demonstrate by a preponderance of the evidence that she has been treated less well than other employees because of her gender." Mihalik v. Credit Agricole Cheuvreux N.A., Inc., 715 F.3d 102, 110 (2d Cir. 2013) (internal quotation marks and citation omitted). Under this standard, the severity and pervasiveness of the conduct "are relevant only to the issue of damages." Id. A NYCHRL claim fails on the pleadings only when it raises a "truly insubstantial case in which [the] defendant's behavior cannot be said to fall within the broad range of conduct that falls between severe and pervasive on the one hand and a petty slight or trivial inconvenience on the other." Hernandez v. Kaisman, 103 A.D.3d 106, 114-15 (1st Dep't 2012) (internal quotation marks and citation omitted); accord Pryor v. Jaffe & Asher, LLP, 992 F. Supp. 2d 252, 260 (S.D.N.Y. 2014) ("Employers may only avoid liability under the NYCRHL for conduct that results in an employee being treated less well because of her gender, when the conduct complained of constitutes nothing more than petty slights and trivial inconveniences.") (internal citations and quotation marks omitted).

Here, Plaintiff's undisputed allegations in the Complaint establish Korang's liability for violation of the NYCHRL. Plaintiff alleges that Korang, her supervisor, repeatedly pressured her

to "go out on a date with him" and insisted that he "was seeking a wife, a tax break, and a green card and that Plaintiff could provide a solution to his problems." Compl. at ¶¶ 31-32. She rejected Korang's sexual advances but they "intensified." Id. ¶ 34. Korang made "sexually suggestive comments" in front of other WOW employees and, as a result, other employees referred to Plaintiff as "Kofi's girl" and believed "that they too could sexually exploit her." Id. ¶¶ 39-40, 45. For example, a coworker "purposely exposed his penis to [Plaintiff] during a FaceTime call." Id. ¶ 40. Lastly, Plaintiff alleges that Korang forced her to have intercourse while she was intoxicated and, on another occasion, touched her breasts and attempted to initiate intercourse while the two were sharing a hotel room during a work trip. Id. ¶¶ 36-37, 49.

A single instance of an unwanted sexual advance by a supervisor can support a claim for a hostile work environment under the NYCHRL. See Pryor, 992 F. Supp. 2d at 255, 259 (stating a claim under the NYCHRL where plaintiff alleged that defendant stroked her hand in a "sexually suggestive fashion," tried to "embrace" plaintiff, and "attempted to kiss her on the neck and then "forcibly pulled her back" when plaintiff pulled away). Here, Plaintiff alleges multiple instances of inappropriate sexual advances and comments by Korang. Moreover, Plaintiff also alleges that Korang sexually assaulted her while she was completely inebriated. These allegations, taken together, establish Korang's liability for violation of the NYCHRL. See Ibrahim v. Fid. Brokerage Servs. LLC, No. 19-CV-3821 (VEC), 2020 WL 107104, at *5 (S.D.N.Y. Jan. 9, 2020) (concluding that plaintiff's allegations of repeated "unwanted sexual advances and romantic contacts" at her job sufficed to plead a claim under the NYCHRL); Garcia v. N.Y.C. Health & Hosps. Corp., No. 15-CV-2119 (DAB), 2016 WL 4097850, at *6 n.6 (S.D.N.Y. July 26, 2016) (holding that three instances of inappropriate touching without consent and one sexual proposition were sufficient to allege a hostile work environment claim under the NYCHRL); Angulo v. 36th St. Hosp. LLC, No.

9

19-CV-5075 (GBD) (SLC), 2020 WL 4938188, at *9 (S.D.N.Y. July 31, 2020) report and recommendation adopted by 2020 WL 4936961 (S.D.N.Y. Aug. 24, 2020) (establishing liability under the NYCHRL where defendant's conduct included a sexual assault and "multiple occasions on which he propositioned [plaintiff] for a relationship").

B. Civil Battery and Assault

In Counts II and III of the Complaint, Plaintiff asserts claims for civil battery and assault. Civil battery requires "(1) bodily contact, which is (2) harmful or offensive in nature and (3) made with intent." Doe v. Alsaud, 224 F. Supp. 3d 286, 294 (S.D.N.Y. 2016) (internal quotations and citations omitted). To establish a claim for civil assault, a plaintiff must show that there was an intentional attempt or threat to physically injure which placed them in reasonable apprehension of bodily harm. Farash v. Cont'l Airlines, Inc., 574 F. Supp. 2d 356, 368 (S.D.N.Y. 2008), aff'd 337 F. App'x 7 (2d Cir. 2009) (internal citations omitted).

Plaintiff alleges that, on May 10, 2019, Korang "forced a completely intoxicated Plaintiff to have intercourse." Compl. ¶ 63. Under New York law, Plaintiff's allegation that Korang "forced" her to have intercourse while she was drunk suffices to state claims for civil battery and assault. See Doe v. Hyassat, No. 18-CV-6110 (PGG) (OTW), 2024 WL 1955354, at *3 (S.D.N.Y. May 3, 2024) (establishing an assault and battery where defendant drugged plaintiff and engaged in intercourse without her consent); Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 90 n.7 (E.D.N.Y. 2020) ("Rape indisputably encompasses civil assault and battery under New York law.") (citation omitted); Goolden v. Wardak, No. 19-CV-6257 (JPO), 2020 WL 4271695, at *5 (S.D.N.Y. July 23, 2020) (explaining that "rape is an undisputed assault and battery under New York law") (internal citation and quotation marks omitted); see also Stone #1 v. Kubick, No. 21-

10

CV-1191, 2023 WL 3570443, at *6 (W.D.N.Y. May 19, 2023) (granting default judgment on common law battery claim where officer "forced [plaintiff] to engage in sexual acts").

In sum, Plaintiff's uncontested allegations in her Complaint establish Korang's liability for violation of the NYCHRL and for civil battery and assault.

**II.    Damages**

Plaintiff seeks $10,000 in damages under the NYCHRL for emotional distress and $10,000 in damages for civil assault and battery.[3] Plaintiff also requests pre-judgment and post-judgment interest and attorneys' fees. Compl. ¶¶ 60, 69, 78; Proposed Findings of Fact ¶¶ 22, 25.

A. Damages for Emotional Distress under the NYCHRL

Under the NYCHRL, a plaintiff may recover damages for "economic loss and for pain and suffering." Munson v. Diamond, No. 15-CV-00425 (DAB) (BCM), 2017 WL 4863096, at *7 (S.D.N.Y. June 1, 2017), report and recommendation adopted by, No. 15-CV-425 (DAB), 2017 WL 4862789 (S.D.N.Y. Oct. 26, 2017). "To obtain emotional distress damages, a plaintiff must establish actual injury and the award must be 'supported by competent evidence' in addition to the plaintiff's subjective testimony." Najnin v. Dollar Mountain, Inc., No. 14-CV-5758 (WHP), 2015 WL 6125436, at *3 (S.D.N.Y. Sept. 25, 2015) (quoting Patrolmen's Benevolent Ass'n v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002)). "Important factors in assessing an appropriate amount to award for emotional suffering include 'the amount, duration, and consequences of [the

---

[3] Plaintiff describes her request for damages under her NYCHRL claim as seeking $10,000 for "compensatory and punitive damages." Proposed Findings of Fact ¶ 22. Plaintiff also describes her request for damages under her claims for assault and battery as seeking $10,000 for "compensatory and punitive damages." Id. ¶ 25. In total, Plaintiff requests an award of $20,000 in damages. See id. at Conclusion. Although Plaintiff contends that punitive damages may be awarded for assault, id. ¶ 24, her inquest submissions do not appear to request a separate sum for punitive damages. Regardless, Plaintiff made a request for punitive damages in her complaint. See ECF No. 1 at ¶¶ 60, 69, 78.

11

claimant's] emotional distress.'" Jowers v. DME Interactive Holdings, Inc., No. 00-CV-4753 (LTS) (KNF), 2006 WL 1408671, at *12 (S.D.N.Y. May 22, 2016) (quoting Kuper v. Empire Blue Cross & Blue Shield, No. 99-CV-1190, 2003 WL 359462, at *14 (S.D.N.Y. Feb. 18, 2003)).

The Second Circuit recognizes three types of emotional distress damages: "garden-variety," significant, and egregious. See Sooroojballie v. Port Auth. of N.Y. & N.J., 816 F. App'x 536, 546-47 (2d Cir. 2020). Claims for "garden-variety" emotional distress damages "typically lack extraordinary circumstances and are not supported by medical testimony." Id. (quoting Maher v. All. Mortg. Banking Corp., No. 06-CV-5073 (DRH) (ARL), 2010 WL 3516153, at *2 (E.D.N.Y. Aug. 9, 2010), report and recommendation adopted by, 2010 WL 3521921 (E.D.N.Y. Sept. 1, 2010)). Garden variety emotional distress claims "generally merit $5,000 to $35,000 awards." Najnin, 2015 WL 6125436, at *3; see also Lippe v. Total Nutrition Holdings LLC, No. 16-CV-6049 (SJF) (ARL), 2018 WL 4473548, at *4 (E.D.N.Y. Aug. 28, 2018), report and recommendation adopted by, 2018 WL 4471636 (E.D.N.Y. Sept. 18, 2018) ("For garden-variety emotional distress claims, courts in the Second Circuit have awarded damages ranging from $5,000 to $125,000, based upon the plaintiff's vague or conclusory testimony of distress.").

Plaintiff seeks an award for $10,000 in damages for emotional distress. To support that award, Plaintiff submitted a sworn declaration attesting that she suffered from depression, anxiety, crying spells, flashbacks, intrusive thoughts, and panic attacks after the sexual harassment and rape by Korang. See Statement of Damages at ¶ 23. Plaintiff sought psychiatric treatment and submitted a letter from Dr. Sylvia Dimenna, who corroborated that Plaintiff was receiving mental-health counseling, had been diagnosed with Post-Traumatic Stress Disorder ("PTSD") and Depressive Disorder, and had been prescribed medication to help with her symptoms. Id. ¶¶ 24-25; see also ECF No. 36-1 at 2, ECF No. 36-2 at 7. Plaintiff also submitted copies of a letter from her mental

12

health counselor, psychiatric treatment records, and a spreadsheet detailing the expenses she incurred relating to her psychiatric treatment. See ECF Nos. 36-2, 36-3, 36-4.

Plaintiff's declaration describing the symptoms she suffered after the sexual assault, coupled with her treatment records and letters from mental-health providers, amply support her request for an award of "garden-variety" emotional distress damages in the amount of $10,000. See, e.g., Setty v. Synergy Fitness, No. 17-CV-6504 (NGG) (SMG), 2019 WL 1292431, at *2, *5 (E.D.N.Y. Mar. 21, 2019) (awarding $25,000 to two plaintiffs and $35,000 to a third plaintiff for "garden-variety" emotional distress where plaintiffs had been subjected to unwanted sexual comments and inappropriate touching); Manson v. Friedberg, No. 08-CV-3890 (RO), 2013 WL 2896971, at *7 (S.D.N.Y. June 13, 2013) (awarding $10,000 to plaintiff based on "vague and conclusory" allegations of low self-esteem where plaintiff also lacked any physical manifestations of emotional distress); Francis v. City of New York, No. 15-CV-7997 (VSB) (KHP), 2019 WL 8918743, at *8-9 (S.D.N.Y. Nov. 12, 2019) report and recommendation adopted by, 2020 WL 2792995 (S.D.N.Y. May 29, 2020) (awarding $10,000 for a "garden variety" emotional distress claim based on "little evidence"); Pelgrift v. 355 W. 41st Tavern, Inc., No. 14-CV-8934 (AJN), 2018 WL 4735705, at *6 (S.D.N.Y. Sept. 30, 2018) (granting $20,000 in emotional distress damages to one plaintiff, and $40,000 to two others, where claims were "garden-variety" and only certain professional psychological evaluations were admissible). Therefore, I recommend that Plaintiff be awarded $10,000 in emotional distress damages for Korang's violation of the NYCHRL.

B. Punitive Damages under the NYCHRL

Punitive damages are intended "to punish the wrongdoer and to deter others." Mathie v. Fries, 121 F.3d 808, 817 (2d Cir. 1997). Under the NYCHRL, "a plaintiff is entitled to punitive

13

damages . . . where 'the wrongdoer's actions amount to willful and wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" Antoine, 489 F. Supp. 3d at 100 (quoting Chauca v. Abraham, 30 N.Y.3d 325, 329 (2017)). To determine a punitive damages award, courts are guided by three factors: "(1) the degree of reprehensibility of the tortious conduct; (2) the ratio of punitive damages to compensatory damages; and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases." Patterson v. Balsamico, 440 F.3d 104, 120 (2d Cir. 2006) (internal citations omitted). The Supreme Court has explained that "few awards exceeding a single digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process," and "[w]hen compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee." Exxon Shipping Co. v. Baker, 554 U.S. 471, 501 (2008) (internal quotation omitted).

The reprehensibility of the tortious conduct is "perhaps the most important" factor in determining an award of punitive damages. BMW of N. Am. Inc. v. Gore, 517 U.S. 559, 575 (1996). The Supreme Court has identified certain aggravating factors that are associated with particularly reprehensible conduct, including "(1) whether a defendant's conduct was marked by violence or presented a threat of violence, (2) whether a defendant's conduct evinced trickery or deceit as opposed to mere negligence, and (3) whether the record supports a finding of intentional malice." Jennings v. Yurkiw, 18 F.4th 383, 390 (S.D.N.Y. 2021) (citing Gore, 517 U.S. at 575-76).

Here, Korang's conduct was sufficiently reprehensible to warrant an award of punitive damages. Korang repeatedly harassed Plaintiff in the workplace. Statement of Damages at ¶¶ 7, 9, 14. He repeatedly pressured Plaintiff to engage in sexual conduct with him, including through

14

physical contact. Id. ¶¶ 9, 11. Eventually, Korang also raped Plaintiff. Id. ¶ 16. This reprehensible conduct clearly indicates malice. Plaintiff's significant and lasting trauma also supports a finding that this conduct was reprehensible. Id. ¶ 32.

In sexual assault cases, courts in this Circuit frequently award punitive damages that are equal to or less than compensatory damages. See Antoine, 489 F. Supp. 3d at 101-02 (awarding punitive damages in a one-to-one-punitive to compensatory ratio); Noonan v. Becker, No. 14-CV-4084 (LTS) (JLC), 2018 WL 1738746, at *9 (S.D.N.Y. Apr. 10, 2018) (same). Moreover, a comparison of penalties awarded in cases involving sexual conduct further supports a punitive award of $10,000, equal to the award of compensatory damages. See, e.g., Angulo, 2020 WL 4938188, at *2-3, *14 (awarding $100,000 in punitive damages against defaulting defendants, one of whom sexually assaulted plaintiff); Manswell v. Heavenly Miracle Acad. Servs., Inc., No. 14-CV-7114 (MKB) (SMG), 2017 WL 9487194, at *1-3, *19 (E.D.N.Y. Aug. 23, 2017) (awarding $100,000 in punitive damages where harasser repeatedly and aggressively propositioned plaintiff for sex); Offei v. Omar, No. 11-CV-4283 (SAS) (MHD), 2012 WL 2086294, at *1-4, *8 (S.D.N.Y. May 18, 2012), report and recommendation adopted by, 2012 WL 2086356 (S.D.N.Y. June 8, 2012) (awarding $100,000 in punitive damages where defendant sexually assaulted plaintiff leading to panic attacks, hospital treatment, and a need for anti-anxiety medication).

Although the court must consider Korang's financial circumstances in determining an award of punitive damages, it is well established that it is Korang's "burden to show that his financial circumstances warrant a limitation of the award." Patterson, 440 F.3d at 121-22 (quoting Mathie, 121 F.3d at 816). Korang provided no information related to his financial status, having failed to respond to Plaintiff's inquest submissions or retain counsel to represent him in this action.

In short, given the reprehensibility of the conduct at issue, and myriad cases concluding that a one-to-one ratio of punitive to compensatory damages is appropriate under similar factual circumstances, I recommend that Plaintiff be awarded punitive damages in the amount of $10,000.

### C. Compensatory Damages for Civil Battery and Assault

Plaintiff also seeks $10,000 in compensatory damages for her civil battery and assault claims. Proposed Findings of Fact ¶ 25. "Compensatory damages, which are recoverable for assault and battery, 'compensate the injured victim for injuries actually endured.'" Lemus v. Pezzementi, No. 15-CV-5592 (NSR) (AEK), 2023 WL 6519723 at *8 (S.D.N.Y. June 16, 2023) (quoting Wright v. Musanti, No. 14-CV-8976 (KBF), 2017 WL 253486, at *11 (S.D.N.Y. Jan. 20, 2017)), aff'd, 887 F.3d 577 (2d Cir. 2018). "To recover compensatory damages, a claimant must present evidence that provides the finder of fact with a reasonable basis upon which to calculate the amount of damages incurred." Id. Although "[e]vidence of injury [is] not necessary to establish [the defendant's] liability for the respective torts of assault and battery, . . . such evidence is required if [the plaintiff] is to sustain a claim for compensatory damages caused by the assault and battery." Brutus v. Silverseal Corp., 439 F. App'x 28, 29 (2d Cir. 2011) (summary order). "[C]ompensatory damages cannot be 'merely speculative, possible, or imaginary.'" Id. (quoting In re Rothko's Estate, 43 N.Y.2d 305, 323 (1977)).

Here, Plaintiff points to the emotional distress she suffered following her assault and the psychiatric treatment that she received as a result of Korang's actions. See Statement of Damages ¶ 23-33. This is the same injury Plaintiff points to in support of an award of compensatory damages for her claim under the NYCHRL. Because plaintiff seeks compensatory damages for injuries which are the same as those that serve as the basis for the award of compensatory damages under the NYCHRL, an award of damages for her civil battery and assault claims would be duplicative.

See Rodriguez v. Express World Wide, LLC, No. 12-CV-4572 (RJD) (RML), 2014 WL 1347369, at *8 (E.D.N.Y. Jan. 16, 2014), report and recommendation adopted by, 2014 WL 1350350 (E.D.N.Y. Mar. 31, 2014) (declining to award plaintiff damages for civil battery where "the emotional distress and embarrassment suffered by plaintiff under this claim are the same as those serving as the basis for the award of emotional damages under . . . the NYCHRL"); Doe v. Warren & Baram Mgm't LLC, No. 20-CV-9522 (ER) (VF), 2024 WL 2941222 at *2 n.3 (S.D.N.Y. May 3, 2024), report and recommendation adopted by, 2024 WL 3342602 (S.D.N.Y. July 9, 2024) (declining to award damages based on state-law claims where damages based on the same injury were awarded on a separate claim); Noonan, 2018 WL 1738746, at *4 (same). Accordingly, I recommend that Plaintiff not be awarded separate compensatory damages for her claims of civil battery and assault.

    D. Pre-Judgment Interest

Plaintiff seeks an award of pre-judgment interest. The decision of whether to grant an award of pre-judgment interest is "confided to the district court's broad discretion" Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc., 67 F.3d 1063, 1071-72 (2d Cir. 1995). While the award is discretionary, pre-judgment interest should serve to "fully compensate the wronged party for actual damages suffered i.e., to make [them] whole." Sulkowska v. City of New York, 170 F. Supp. 2d 359, 371 (S.D.N.Y. 2001) (quoting Thomas v. City of Mount Vernon, No. 89-CV-0552 (JFK) (THK), 1992 WL 84560, at *3 (S.D.N.Y. Apr. 10, 1992)). Where a plaintiff "sustained no economic injury," pre-judgment interest is not warranted, because it would then serve a punitive, rather than a compensatory, purpose. See Sulkowska, 170 F. Supp. 2d at 371-72 (internal citations omitted).

17

Plaintiff is not seeking damages for economic loss. Rather, Plaintiff seeks damages for psychological, emotional, and physical injury suffered as a result of Korang's violation of the NYCHRL and his commission of civil battery and assault. See Compl. ¶¶ 60, 69, 78. Plaintiff is thus not entitled to pre-judgment interest. See Augustin v. Jablonsky, 819 F. Supp. 3d 153, 178-79 (E.D.N.Y. 2011) (declining to award pre-judgment interest to plaintiffs' compensatory damages based on emotional injuries where "there has been no claim that plaintiffs suffered any economic injuries, such as lost wages"); Sulkowska, 170 F. Supp. 2d at 371-72 (concluding that award of prejudgment interest where "[p]laintiff sustained no economic injury" would be punitive and improper). I thus recommend that any award of damages not include pre-judgment interest.

E.  Post-Judgment Interest

Plaintiff also seeks an award of post-judgment interest. Unlike pre-judgment interest, a plaintiff is "entitled to post-judgment interest on all money awards as a matter of right." Tacuri v. Nithun Constr. Co., No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015) (internal citations omitted). Further, under 28 U.S.C. § 1961(a), an award of post-judgment interest is "mandatory in any civil case where money damages are recovered." Espinoza v. Broadway Pizza & Rest. Corp., No. 17-CV-7995 (RA) (KHP), 2021 WL 7903991, at *14 (S.D.N.Y. Nov. 18, 2021), report and recommendation adopted by, 2022 WL 977068 (S.D.N.Y. Mar. 31, 2022) (internal citations omitted). I thus recommend that Plaintiff be awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961. See Begum v. Ariba Disc., Inc., No. 12-CV-6620 (DLC), 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015) (awarding post-judgment interest).

F.  Attorney's Fees

For an award of attorney's fees, "[t]he fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." Fisher v. SD Prot. Inc., 948 F.3d 593, 600 (2d Cir. 2020). Where "counsel has provided no documentation of his fees or costs," a grant of attorney's fees may be denied. Rodriguez, 2014 WL 1347369, at *8. Here, Plaintiff did not provide any documentation to support an award of attorneys' fees. I thus recommend that Plaintiff not receive an award of attorney's fees.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff be awarded $10,000 in compensatory damages and $10,000 in punitive damages for her NYCHRL claim. I further recommend that Plaintiff be awarded post-judgment interest on any monetary award pursuant to 28 U.S.C. § 1961.

SO ORDERED.

DATED:   New York, New York
         August 28, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge

**Notice Of Procedure For Filing Objections To This Report And Recommendation**

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Lewis J. Liman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**